Francis W. HOEBER, Acting Regional Director of the Fourth Region of the National Labor Relations Board, for and on behalf of the National Labor Relations Board, Petitioner,

v.

INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 3, Respondent.

Civ. No. 80–2796.

United States District Court, D. New Jersey.

Oct. 2, 1980.

Barbara J. Fick, Philadelphia, Pa., for N.L.R.B.

Menagh, Trainor & Rothfeld by Norman Rothfeld, New York City, for I.B.E.W.

## OPINION

HAROLD A. ACKERMAN, District Judge.

Francis Hoeber, the Acting Regional Director of the Fourth Region of the National Labor Relations Board (N.L.R.B.), has filed a petition in this Court seeking an injunction against the defendant International Brotherhood of Electrical Workers (I.B.E.W.), Local 3, pursuant to section 10(j) of the National Labor Relations Act, 29 U.S.C. § 160(j). Section 10(j) provides that

when the N.L.R.B. issues a complaint charging any person with an unfair labor practice it may in its discretion petition the United States District Court "for appropriate temporary relief or restraining order." The district court does not determine if an unfair labor practice has, in fact, occurred but only whether an injunction is appropriate pending resolution of N.L.R.B. proceedings. *See, e. g., Minnesota Mining and Manufacturing Co. v. Meter*, 385 F.2d 265 (8th Cir.1968).

At the time that this petition was filed I had already commenced a jury trial in a lengthy civil case. As of today, it appears that that trial still has several weeks to run before the jury can retire to its deliberations. Section 10(i) of the National Labor Relations Act, 29 U.S.C. § 160(i), contains a congressional mandate for expeditious handling of a petition of this sort. The parties to the present petition indicated that a hearing of three or more days might be necessary before I could decide whether an injunction should issue. Obviously such an interruption would be injurious to the parties' efforts to present their cases to the jury in the presently pending trial. In order to expedite the decision of this petition, I therefore decided to refer this case to Magistrate John W. Devine so that he could hold a hearing and prepare a report and recommendation for the Court.

■ Upon being notified of my intention to follow this procedure, the N.L.R.B. filed a "Motion in Opposition to Designation of Magistrate," arguing that hearings relating to an application for a section 10(j) injunction can only be conducted personally by the district court judge and could not be handled in the first instance by a magistrate. After reviewing the N.L.R.B.'s arguments and the applicable law, I have decided that this matter may be properly referred to the magistrate for a hearing and the preparation of a report and recommendation in accordance with the Federal Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & 636(b)(3), and consistently with section 10(j).

■ A United States magistrate is a judicial officer of the United States District Court. The jurisdiction which he or she exercises is the jurisdiction of the district court itself, delegated pursuant to governing statutory authority and local rules of court. *See* 28 U.S.C. § 636; Local Rule 40; *Foster v. Gloucester County Board of Chosen Freeholders*, 465 F.Supp. 293 (D.N.J. 1978). Congress has recognized the great assistance that an able magistrate can provide to a district court judge and has enlarged the statutory authority of magistrates several times within the last several years. *See*, e. g., Pub.L. 94–577, 90 Stat. 2729; H.R.Rep.No.94–1609, 94th Cong. 2d Sess. at 12 (1976), U.S.Code Cong. & Admin. News 1976, pp. 6162, 6172.

Significantly for the purposes of the present discussion, Congress has specifically legislated that a magistrate may conduct hearings and prepare a report and recommendation when a motion is made for injunctive relief. 28 U.S.C. § 636(b)(1)(B). This explicit legislation would ordinarily end all discussion of the N.L.R.B.'s objection to the referral to a magistrate of its present application for an injunction since "the parties to a litigation have no power to interfere with a district judge's statutory authority to delegate various responsibilities to Magistrates . . . ." *Foster, supra*, 465 F.Supp. at 296. An application for an injunction under section 10(j) is, however, a different breed of cat. Although a section 10(j) injunction is a preliminary injunction it differs from the type of a preliminary injunction that is ordinarily issued by a district court pursuant to Fed.R.Civ.P. 65. Where the usual injunction is issued as part of a lawsuit pending before the district court, a section 10(j) injunction is issued as part of a lawsuit pending before the N.L.R.B. In other words, once the district court decides whether to issue the preliminary injunction sought *via* a section 10(j) petition, it has disposed of the entire case before it. The power to render the ultimate decision of the remainder of the litigation remains at all times with the N.L.R.B., subject to appellate review. Because of this peculiarity, the N.L.R.B. argues that a 10(j)

petition cannot be referred to a magistrate pursuant to 28 U.S.C. § 636(b)(1)(B) since it is not a "motion for injunctive relief," the referral of which is explicitly authorized by that section of the Magistrates Act, but rather an application for final disposition of the matter before the Court.

 It is true that, strictly speaking, a 10(j) petition is not a "motion for injunctive relief." Nevertheless, it is difficult to conceive of why it should not be treated the same as any other application for a preliminary injunction. Certainly it should not be treated differently only because its decision will be dispositive of the case, since 28 U.S.C. § 363(b)(1)(B) explicitly authorizes a magistrate to prepare a report and recommendation in relation to several types of dispositive motions and proceedings. It must be remembered that a magistrate performs his or her duties within a limited scope. His or her purpose is to aid the district court judge, but the judge must make the final decision. The relationship was described, and its usefulness explained, by Chief Justice Burger in *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976):

> The magistrate may do no more than propose a recommendation, . . . . The district judge is free to follow it or wholly to ignore it, or, if he is not satisfied, he may conduct the review in whole or in part anew. The authority—and the responsibility—to make an informed, final determination, we emphasize, remains with the judge.
>
> The magistrate's limited role in this type of case nonetheless substantially assists the district judge in the performance of his judicial function, and benefits both him and the parties. A magistrate's review helps focus the court's attention on the relevant portions of what may be a voluminous record, from a point of view as neutral as that of an Article III judge. Review also helps the court move directly to those legal arguments made by the parties that find some support in the record. Finally the magistrate's report puts before the district judge a preliminary

evaluation of the cumulative effect of the evidence in the record, to which the parties may address argument, and in this way narrows the dispute. Each step of the process takes place with the full participation of the parties. They know precisely what recommendations the judge is receiving and may frame their arguments accordingly.

423 U.S. at 270–71, 96 S.Ct. at 554. As both Chief Justice Burger and the language of 28 U.S.C. § 636(b)(1) make clear, when a matter such as the present petition is referred to a magistrate for a report and recommendation the district judge makes a *de novo* determination as to whether to accept the magistrate's recommendation. Moreover, the judge is not limited to the record developed before the magistrate but may hold additional hearings or develop the record in other ways. 28 U.S.C. § 636(b)(1). The modality of a magistrate's hearing, report and recommendation seems to me as useful in the case of a section 10(j) petition as in any of the matters explicitly mentioned in the Magistrates Act and I am satisfied that the present matter, which is basically an application for a preliminary injunction, can be properly referred to the magistrate pursuant to 28 U.S.C. § 636(b)(1)(B).

In addition there is an alternative basis for referring this matter to a magistrate. This matter could be referred pursuant to 28 U.S.C. § 636(b)(3) which provides that "A magistrate may be assigned such additional duties as are not inconsistent with the Constitution and laws of the United States." In passing this provision, Congress emphasized that it wanted district judges to feel "free to experiment in the assignment of other duties to magistrates which may not necessarily be included in the broad category of 'pretrial matters.'" H.R.Rep.No.94–1609, 94th Cong., 2d Sess. at 12 (1976), U.S.Code, Cong. & Admin.News 1976, p. 6172. The present case seems appropriate for referral under this subsection in accordance with congressional purpose: the N.L.R.B.'s request for an injunction suggests that there is some urgency to the matter and referral to a magistrate will hasten,

rather than delay, decision on its application because the pending jury trial, that I mentioned earlier, makes it difficult for me to hold an evidentiary hearing at this time.

 The N.L.R.B. has argued, however, that the use of the magistrate is contrary to the intent of sections 10(i) and 10(j) of the National Labor Relations Act, which specifically envision a hearing by a district judge. I disagree. First, section 10(i) simply requires the Court to handle a 10(j) petition in an expeditious manner. As I have already stated, I believe referral to a magistrate will aid, rather than hinder, that goal in the present case. Second, section 10(j) speaks of an application to the district court, but does not specifically require hearing by a judge rather than by a magistrate. Third, even if section 10(j) is construed, standing alone, to require the district judge to personally conduct the evidentiary hearing, the Magistrates Act, 28 U.S.C. § 636(b)(1) specifically provides that a magistrate may be given duties "notwithstanding any provision of law to the contrary." According to the congressional report,

> This language is intended to overcome any problem which may be caused by the fact that scattered throughout the code are statutes which refer to "the judge" or "the court". It is not feasible for Congress to change each of those terms to read "the judge or a magistrate." It is, therefore, intended that the permissible assignment of additional duties to a magistrate shall be governed by the revised section 636(b), "notwithstanding any provision of law" referring to "judge" or "court".

H.R.Rep.No.94–1609, *supra*, at 9, U.S.Code Cong. & Admin.News 1976 at 6169. Therefore, whatever the original intent of section 10(j), it is clear that the grant of authority to hear this matter and prepare a report contained in the subsequently passed Magistrates Act prevails.

As to the N.L.R.B.'s suggestion that I assign this matter to another judge pursuant to Local Rule 11C.(2), which authorizes such transfers when a case requires a judge's "immediate attention" and the judge to whom the case is assigned cannot provide such attention, I would just like to note that this case has received my attention, as is obvious from my original decision to refer the case in order to have an earlier evidentiary hearing, the tendering of this opinion today, and my promise to promptly attend to the magistrate's report and recommendation as soon as it is prepared. To further expedite this matter, the parties will only be given five days, instead of the usual ten, in which to file objections to the magistrate's report.

In sum, I have concluded that the N.L.R.B.'s section 10(j) petition may properly be referred to Magistrate John W. Devine pursuant to either 28 U.S.C. § 636(b)(1)(B) or 28 U.S.C. § 636(b)(3), and that, in order to speed this decision, the parties shall be limited to five days after the filing of the magistrate's report and recommendation in which to file any objections.